IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., § § § | | |
| Plaintiff, § § | | |
| VS. § § § | No. _____ | |
| JOHNNY BERRY, JR., § § § | | |
| Defendant. § | | |

## PETITION TO CONFIRM ARBITRATION AWARD

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VANDERBILT MORTGAGE AND FINANCE, INC., Plaintiff, and applies to this Court for an Order confirming an Arbitration Award under the Federal Arbitration Act and in support of this Petition shows:

I.

### Jurisdiction and Venue

A.   This is a cause within jurisdiction of this Honorable Court. This Court has jurisdiction of this claim under 9 U.S.C. § 9.

B.   Venue is proper in this district and division pursuant to 15 U.S.C. § 1692i(a)(2)(B).

II.

### Parties

A.   Plaintiff VANDERBILT MORTGAGE AND FINANCE, INC. is a Tennessee corporation which is duly qualified and authorized to conduct business in Texas.

B.	Defendant JOHNNY BERRY, JR. is an individual natural person who may be given due notice of this proceeding at P.O. Box 1089, Quinlan, Texas 75474 and/or 8038 Harden Oaks, Quinlan, Texas 75474.

III.

This Petition is filed as an initial application in the United States District Court for the Northern District of Texas - Dallas Division, the judicial district in which the hearing before the arbitrator was held, and in which the Defendant resides.

IV.

A.	On or about October 19, 2004, Berry executed and delivered to CMH Homes, Inc. d/b/a Clayton Homes # 276 (the "Dealer") a RETAIL INSTALLMENT SALE CONTRACT–SECURITY AGREEMENT ("Security Agreement") in connection with and to finance Berry's purchase of a new 2004 Freedom Model doublewide Manufactured Home with Serial Nos. CSS005578TX A and B (the "Manufactured Home"), which called at Pages 3 and 4 for arbitration of any disputes between the parties thereto. A true and correct copy of the Security Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference for all purposes as if set forth herein verbatim.

B.	Along with the execution of the Security Agreement, the Dealer and Defendant entered into a written Arbitration Agreement. In Paragraph 1 of that Agreement, the parties agreed to arbitrate "all claims, disputes, and controversies arising out of or relating in any way to the sale, purchase, or occupancy of the Home, including but not limited to, any negotiations between the parties, the . . . , financing . . . of the Home . . . , and including claims for equitable relief or claims based on contract, tort, statute, or any alleged breach, default, or misrepresentation." A copy of the Dealer Arbitration Agreement is attached as Exhibit "B" and incorporated by reference as if set forth herein verbatim.

    C. Contemporaneously with the execution of the Security Agreement, the Dealer assigned all of its right, title, and interest in the Security Agreement to Plaintiff, which advanced the funds for Berry's purchase of the Manufactured Home.

    D. Plaintiff is the owner and holder of the Security Agreement, however, on or about June 27, 2006, the Manufactured Home was destroyed by fire.

    E. Plaintiff demonstrated in the subsequent arbitration proceeding that Berry made a claim for insurance recovery for loss of the Manufactured Home by fire. Plaintiff was a loss payee on such insurance coverage in light of its status and capacity as lender and mortgagee. Berry, and others in concert with him, came to have in hand an insurance proceeds check (Check No. 000952927) in the amount of some $63,652.00, jointly payable to Plaintiff and Berry, which was intended to compensate Plaintiff as loss payee due to the destruction by fire of Plaintiff's Manufactured Home collateral. With no legal justification or excuse whatsoever, Berry and his co-conspirators held the insurance check "hostage," refusing to endorse same and deliver it to Plaintiff to pay down the liability owed; thereafter, arbitration proceedings were commenced by Plaintiff.

V.

    On December 15, 2008, the Arbitrator, having been designated in accordance with the arbitration agreements of the parties, and having been duly sworn, and having considered Plaintiff's Motion for Full and Final Summary Disposition as a Matter of Law, and any response thereto after due and proper notice, did sign a Final Award of Arbitrator. In particular, Plaintiff complied with all requirements in the Agreement regarding the arbitration process. A copy of that Final Award of Arbitrator is attached as Exhibit "C" and incorporated by reference as if set forth herein at length.

VI.

Plaintiff has retained the firm of Wells & Cuellar, P.C., to represent Plaintiff in this action and has agreed to pay the firm reasonable and necessary attorneys' fees.

WHEREFORE, Plaintiff VANDERBILT MORTGAGE AND FINANCE, INC. prays for confirmation of the Arbitration Award and judgment against Defendant JOHNNY BERRY, JR. as follows:

1. The Court enter judgment confirming the Arbitration Award in its entirety, as made;

2. Attorneys' fees for this proceeding in the amount of least $2,000.00;

3. Costs of suit; and

4. Such other and further relief to which Plaintiff may be justly entitled.

          Respectfully submitted,

          /s/ James E. Cuellar
          State Bar No. 05202345
          D. Brent Wells
          State Bar No. 21140900
          Christopher P. Craven
          State Bar No. 24009246
          Jeffrey D. Stewart
          State Bar No. 24047327
          WELLS & CUELLAR, P.C.
          440 Louisiana, Suite 718
          Houston, Texas 77002
          (713) 222-1281 Telephone
          (713) 237-0570 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2009, a true and correct copy of the foregoing **Petition to Confirm Arbitration Award** was sent by certified mail, return receipt requested to:

>John Berry, Jr.
>P.O. Box 1089
>Quinlan, Texas 75474

/s/ James E. Cuellar

5720x007.psd