No. 71 414 00386 08

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., | § § § § | |
| Claimant, | § § | AMERICAN ARBITRATION ASSOCIATION |
| VS. | § § § | ARBITRATION PROCEEDING - COMMERCIAL ARBITRATION TRIBUNAL |
| JOHNNY BERRY, JR. | § § § | |
| Respondent. | § | |

## FINAL AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreements of the parties shown as Exhibits "A," "B," and "C" to Claimant's Motion for Full and Final Summary Disposition as a Matter of Law, having been duly sworn, and having considered such Motion and any response thereto after due and proper notice, hereby AWARD as follows:

1. This is a Final Award that is intended to be dispositive of all parties and issues defined by the Claimant's Claim Statement brought by Claimant VANDERBILT MORTGAGE AND FINANCE, INC. ("Vanderbilt") against Respondent JOHNNY BERRY, JR. ("Berry"). As Berry filed no timely answering statement, he is deemed to deny Vanderbilt's claims pursuant to Consumer Rule C-2(d).

2. Berry shall pay to Vanderbilt the following sums:

   a. the sum of $95,878.77 through October 10, 2008, as contract damages, together with pre-award interest at the contract rate of 10.75% per annum from and after October 10, 2008, to the date of this Award;

   b. punitive damages in the amount of $ 5,000.00 associated with and resulting from Berry's acts of wrongful detention, and/or conversion as described in Claimant's Claim Statement and Motion; and

   c. reasonable and necessary attorneys' fees of $6,000.00.

**EXHIBIT "C"**

3. Additionally, (1) the administrative fees and expenses of the American Arbitration Association ("the Association") totaling $ 1,250.00, and (2) the compensation and expenses of the Arbitrator totaling $ 750, shall be borne by Berry, but only to the extent permitted by the Association's Consumer Rules. Therefore, Berry shall also pay to Vanderbilt the sum of $ 125, representing amounts previously advanced to the Association by Vanderbilt. These amounts reflect all payments made to date.

4. Berry is required to fully comply with this Award no later than thirty (30) calendar days from the date this Award is signed, in which case, no post-award interest shall accrue; however, in the event that the Award is not fully complied with as provided, then post-award interest shall accrue on all sums awarded herein from and after the thirty-first (31st) day following the date this Award is signed, at the lawful rate of 5.00% per annum.

5. This Award is in full settlement of all claims submitted to this arbitration, and any and all other relief requested in the case, but not explicitly awarded herein, is hereby DENIED.

SIGNED this the 15th day of December, 2008.

_____
EARL F. HALE, JR., Arbitrator

5720x005.pat

2