IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **VANDERBILT MORTGAGE AND FINANCE, INC.,** § § § | |
| **Plaintiff,** § § | |
| v. § | Case No. 3:09-CV-00557-O (BF) |
| § § | |
| **JOHNNY BERRY, JR.,** § § | |
| **Defendant.** § | |

**REPORT AND RECOMMENDATION REGARDING
DEFAULT JUDGMENT CONFIRMING ARBITRATION AWARD**

Before the Court for report and recommendation is Plaintiff's Motion for Default Judgment and Request for Entry of Default by Clerk of Court (doc. #10). The Court recommends that Plaintiff's Motion be GRANTED and that Judgment by Default be entered in favor of Plaintiff VANDERBILT MORTGAGE AND FINANCE, INC. ("Plaintiff") and against Defendant JOHNNY BERRY, JR ("Defendant").

**Jurisdiction and Venue**

The Court has jurisdiction of Plaintiff's claim under 9 U.S.C. § 9. Venue is proper in this district and division pursuant to 15 U.S.C. § 1692i(a)(2)(B) because Defendant is a debtor who resides in Hunt County, Texas.

**Analysis**

The parties arbitrated all of their respective claims and issues with the American Arbitration Association and the duly-appointed Arbitrator, Earl F. Hale, Jr. (doc. #1 at 3). On December 15, 2008, the Arbitrator, having been designated in accordance with the arbitration agreements of the parties, and having been duly sworn, and having considered Plaintiff's Motion for Full and Final

Summary Disposition as a Matter of Law, and any response thereto after due and proper notice, did sign a Final Award of Arbitrator, in Dallas, Texas and rendered and published his Final Award as of December 15, 2008, a true and correct copy of which is attached to Plaintiff's Petition as Exhibit C.

Plaintiff filed the Complaint in this case on March 25, 2009, to confirm the arbitration award. Plaintiff served the Summons and Complaint on Defendant by certified mail, return receipt requested on October 7, 2009. Plaintiff filed Proof of Service on October 29, 2009 (doc. #9). The time for Defendant to Answer or otherwise plead expired on October 27, 2009, twenty days from the date of mailing the Summons and Complaint. Defendant failed to answer plead, or otherwise defend this action. Defendant is not an infant or incompetent person, and is not in the military service of the United States (doc #10-2). Therefore, Plaintiff is entitled to a Default Judgment.

### Recommendation

This Court recommends that Plaintiff's Motion for Default Judgment (doc.#10) be **GRANTED** and that the District Court enter a Default Judgment Confirming the Arbitration Award in favor of Plaintiff and against Defendant. The Clerk of Court is directed to send a copy of this recommendation to Johnny Berry, Jr., by certified mail, return receipt requested, at the following address: P.O. Box 1089, Quinian, Texas 75474.

Signed, December 2, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).